UNITED STATES of America,
Plaintiff–Appellee,

v.

Vincent Anthony JONES, Defendant–
Appellant.

No. 11–50100.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2012.

Filed June 1, 2012.

Curtis Arthur Kin, Esquire, Assistant U.S., Monica Mange, Assistant U.S., David Lee Kirman, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Joseph F. Walsh, Los Angeles, CA, for Defendant–Appellant.

---

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Vincent Anthony Jones (Jones) appeals the district court's denial of his motions to suppress evidence found in his car after he was arrested for bank robbery. Jones also appeals the district court's denial of his request for a *Franks*[1] hearing.

1. The district court did not err when it denied Jones's motions to suppress evidence seized from the first search of his car based on the determination that the search was justified by probable cause. *See United States v. Rodgers*, 656 F.3d 1023, 1028 (9th Cir.2011) ("Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place.") (citations and internal quotation marks omitted).

2. Likewise, the district court did not err in concluding that the second search was justified for the same reason. *See United States v. Noster*, 590 F.3d 624, 634 (9th Cir.2009), *as amended* ("[T]he justification to conduct a warrantless search does not vanish once the car has been immobilized, and there is no requirement that the warrantless search of a vehicle occur contemporaneously with its lawful seizure . . . .") (citations, alteration, and internal quotation marks omitted). In any event, the second search was executed pursuant to a search warrant supported by an adequate and not misleading affidavit.

3. The district court also did not err in denying Jones's request for a *Franks* hearing based on its conclusion that no information was deliberately or recklessly

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

omitted from the affidavit. *See United States v. Flyer*, 633 F.3d 911, 916 (9th Cir.2011); *see also Ewing v. City of Stockton*, 588 F.3d 1218, 1226 (9th Cir.2009). Because probable cause would still exist had the omitted information been included, "no constitutional error has occurred." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir.2011) (citations omitted).

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.